THE PEOPLE *ex rel.* Durnall *et al.* Appellants, *vs.* JOHN
EITEL *et al.* Appellees.

*Opinion announced orally December 12, 1907.*

APPEALS AND ERRORS—*rule as to time of filing transcript when
cause is transferred from Appellate Court.* An appeal prosecuted
and allowed, in good faith, to the Appellate Court, which appeal
properly should have been taken to the Supreme Court, a franchise
being involved, will not, when transferred to the Supreme Court
by virtue of section 102 of the Practice act, (Laws of 1907, p. 464,)
be dismissed on motion, on the ground that the transcript reached
the Supreme Court at a term later than the statute commands it
shall be filed when the cause comes direct from the trial court.

APPEAL from the Circuit Court of Clark county; the
Hon. JAMES W. CRAIG, Judge, presiding.

DAVISON & BARTLETT, for appellants.

GOLDEN, SCHOLFIELD & SCHOLFIELD, and J. W. GRA-
HAM, for appellees.

Mr. JUSTICE CARTWRIGHT announced the opinion of the
court:

In this case the appellees have made a motion to dismiss
the appeal. The proceeding is in *mandamus,* to compel the
appellees, as board of supervisors of Clark county, to dis-
connect a strip of territory from the town of Casey and an-
nex it to the town of Martinsville. The cause was heard
in the circuit court and final judgment was rendered on
March 14, 1907. The appellees were successful in that
court, and the writ having been denied, appellants prayed
an appeal to the Appellate Court. The circuit court, upon
consideration of their prayer, granted the same and the ap-
peal was perfected to the Appellate Court and the transcript
of the record was filed there. In the Appellate Court the

appellees made a motion to dismiss the appeal for the reason that a franchise was involved and therefore the appeal should have been taken directly to this court. The motion prevailed, and the Appellate Court, by virtue of section 102 of the present Practice act, made an order transferring the cause to this court. The ground of this motion is that the appeal should have been originally taken to this court, and that by taking the appeal to the Appellate Court the case did not reach this court within the time fixed by the Practice act for the filing of the transcript in this court on appeal from the circuit court. It is insisted by appellees that if the appeal should be entertained by this court it would be, in effect, to allow appellants to take advantage of their own mistake and wrong, and thereby delay the decision of the cause.

At the time the final judgment was rendered in the circuit court the former Practice act was in force, and if the appeal had been taken to this court the cause would have come here to the June term, 1907, but by appealing to the Appellate Court and the cause being transferred to this court the transcript has only been filed to the present term. Appellants were in error in praying the appeal to the Appellate Court, but the granting of their prayer for an appeal was the act of the court, and it was the judgment of the court that the appeal should properly go to the Appellate Court. There is nothing indicating a want of good faith on the part of appellants in praying for or prosecuting the appeal to the Appellate Court, and the present Practice act, which became effective on July 1, 1907, provided for the transfer to this court. The different sections of that act must be construed together and harmonized, and while section 100 fixes the time within which a transcript must be filed on an appeal taken to this court, section 102 provides for the transfer if it is found or adjudged that the case was wrongfully appealed or taken to the Appellate Court, and

the latter section must be given effect, although in case of transfer the transcript will not be filed here within the time it would have been if the appeal had been taken directly to this court.

The motion will be denied.          *Motion denied.*